UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| WAYNE SNITZKY, | ) | 1:07CV0240 |
| | ) | |
| Petitioner | ) | JUDGE SOLOMON OLIVER |
| | ) | (Magistrate Judge Kenneth S. McHargh) |
| v. | ) | |
| | ) | |
| WARDEN BEIGHTLER, | ) | |
| Warden, | ) | |
| | ) | |
| Respondent | ) | REPORT AND RECOMMENDED |
| | ) | <u>DECISION OF MAGISTRATE JUDGE</u> |

McHARGH, MAG. J.

The petitioner Wayne Snitzky ("Snitzky") has filed pro se a petition for a writ of habeas corpus arising out of his 1995 conviction for murder in the Cuyahoga County, Ohio, Court of Common Pleas. (Doc. 1.) Snitzky raises two grounds for relief in his petition:

> 1. Has a juvenile received due process of law and equal protection when a required physical examination was not performed during the juvenile's bindover proceeding.
>
> 2. Has an appellee received access to the courts and due process when a warden delays an inmate/appellee notice of appeal until it is late.

(Doc. 1, § 12.)

I. FACTUAL AND PROCEDURAL BACKGROUND

The Ohio Court of Appeals set forth the following factual background:

> The facts in this case before us reveal that on December 18, 1994, the Euclid police were notified by Christine Norman that her teenage

> daughter, Meghan, was missing. During police investigation of this matter, on January 19, 1995, William Gast confessed that Snitzky, Meghan's boyfriend and his best friend, had murdered Meghan, and had enlisted Gast's help in disposing the body. Gast then led police to his mother's property in Ashtabula where he and Snitzky had buried Meghan.
>
> After exhuming the body, the police proceeded to Snitzky's home where they discovered the van which the pair had used to transport Meghan's body, as well as many of the tools used to bury her. On May 24, 1995, the Grand Jury indicted Snitzky for the aggravated murder of Meghan and possession of criminal tools. As a result, Snitzky entered into plea negotiations, and on September 22, 1995, pled guilty to the charge of murder.

(Doc. 6, RX 15, at 2-3; State v. Snitzky, No. 74706, 74811, 1998 WL 827611, at *1 (Ohio Ct. App. Nov. 25, 1998) (per curiam).) Snitzky was sentenced to a term of fifteen years to life imprisonment. Id.

At the time of his arrest, Snitzky was seventeen years old, and was originally under the jurisdiction of the state juvenile courts. The juvenile court held a hearing on March 8, 2005, which found that there was probable cause to believe that Snitzky had murdered the fourteen year old victim. A second hearing was held, on April 11, 2005, "to determine first, if Wayne was amenable to rehabilitation, and second, if the safety of the community required that he be placed under legal restraint for a period extending beyond the age of his majority." (Doc. 6, RX 2; In re Snitzky, 73 Ohio Misc.2d 52, 53, 657 N.E.2d 1379 (Ohio Com.Pl. 1995).)

The juvenile court subsequently determined that Snitzky should be tried as an adult:

> . . . the child comes before the court without a prior juvenile record and without prior efforts at rehabilitation. Other than the fact that Wayne

> was nearly eighteen when he allegedly committed the crime, and the violent nature of the offense, this court is unable to clearly resolve any of the factors listed in the rule against the child's amenability to rehabilitation, because of the child's relatively uneventful social history prior to the present murder charge. Even though only factors (1) and (6) weigh against the child's amenability, it is crystal clear to this court that this child should be transferred to the general division for prosecution as an adult, primarily because of the heinous nature of the crime. Additionally, it is also crystal clear to this court that the safety of the public may require the legal restraint of the child beyond the age of majority. This court cannot conceive of anybody more dangerous to the public's safety than a predator who coldly considers possible "candidates" for victim of his crime.
>
> In conclusion, although in this case there exists sufficient evidence related to Juv.R. 30(F)(1) and (6) on which to predicate a finding of unamenability, the state sought transfer, and Wayne Snitzky will be transferred to the general division for prosecution as an adult, primarily because of the nature of the offense he allegedly committed.

(Doc. 6, RX 2; Snitzky, 73 Ohio Misc.2d at 62, 657 N.E.2d at 1386.)

After his September 1995 conviction, Snitzky did not file a timely direct appeal. Several years later, on May 8, 1998, Snitzky filed a motion to withdraw his plea, and a petition for post-conviction relief. (Doc. 6, RX 5.) The trial court denied these (doc. 6, RX 6), and Snitzky appealed. (Doc. 6, RX 7, appeal no. 74706.)

Shortly thereafter, Snitzky also filed a motion for leave to file a delayed appeal of the judgment of conviction itself. (Doc. 6, RX 8-9, appeal no. 74811.) The court granted his motion for leave, and consolidated the two appeals (74706 and 74811). (Doc. 6, RX 10.)

Snitzky filed separate briefs in support of the two appeals. In the 74706 appeal, he set forth two assignments of error:

3

> 1. Defendant was denied due process of law when the court summarily overruled his motion to withdraw a plea and/or for post-conviction relief.
>
> 2. Defendant was denied due process of law when he was not at least granted an evidentiary hearing.

(Doc. 6, RX 11.) In the 74811 appeal, he filed a single assignment of error:

> 1. Defendant was denied due process of law when he was not fully informed as to the penalty by the court and where an additional penalty was added after the defendant was sentenced.

(Doc. 6, RX 12.) On Nov. 25, 1998, the court of appeals considered both appeals, and affirmed the judgment of the trial court. (Doc. 6, RX 15; State v. Snitzky, No. 74706, 74811, 1998 WL 827611 (Ohio Ct. App. Nov. 25, 1998) (per curiam).) Snitzky moved for reconsideration on Dec. 7, 1998, which was denied. (Doc. 6, RX 16-17.)

On Feb. 8, 1999, Snitzky filed a timely notice of appeal with the Ohio Supreme Court. (Doc. 6, RX 18.) He set forth two propositions of law:

> 1. A defendant is denied due process of law when the court refuses to vacate a plea where a defendant is sentenced to different terms of imprisonment than those specified by the court in outlining the sentence that could be imposed.
>
> 2. A defendant is denied due process of law when the court refuses to grant an evidentiary hearing where defendant has produced evidence that his plea of guilty is based upon advise [sic] given by his attorney.

(Doc. 6, RX 19.) The Ohio Supreme Court denied leave to appeal on April 28, 1999, and dismissed the appeal as not involving any substantial constitutional question. (Doc. 6, RX 21; State v. Snitzky, 85 Ohio St.3d 1465, 709 N.E.2d 171 (1999).)

Three years later, on July 15, 2002, Snitzky filed a petition for a writ of habeas corpus in the state courts. In his state petition, Snitzky argued that his confinement was illegal because the sentencing court lacked jurisdiction over him, in that:

> . . . the juvenile court failed to conduct a legal transfer of jurisdiction by not performing a physical examination as required by former R.C. [Ohio Rev. Code § ] 2151.26 and former Juv.R. 30 which were in effect at the relevant times.

(Doc. 6, RX 22, writ, at 1.) The warden's motion to dismiss was granted on the basis of Snitzky's failure to comply with Ohio Rev. Code § 2969.25(A). (Doc. 6, RX 23.)

On appeal, that decision was reversed and remanded. The court of appeals found that Snitzky had in fact complied with Ohio Rev. Code § 2969.25, through a request to amend his complaint which was not properly considered. (Doc. 6, RX 24, at 3-4, 7-8; State v. Snitzky, No. 2003-T-0095, 2004 WL 3090238 (Ohio Ct. App. Dec. 23, 2004).) In addition, the court found that an allegation of an improper bindover raised a valid potential habeas claim. (RX 24, at 5.)

On remand, Snitzky filed a supplemental brief. (Doc. 6, RX 25.) The court of common pleas denied his petition on July 22, 2005. The court found that "Snitzky's allegation that he did not receive the required physical evaluation [was] unfounded," based on the juvenile court record and exhibits. (Doc. 6, RX 28, at 4.)

Snitzky filed a notice of appeal on Aug. 31, 2005 and a brief in support on Oct. 20, 2005. (Doc. 6, RX 29-30.) The court denied the appeal as untimely filed under Ohio App.R. 4(A). (Doc. 6, RX 31; State v. Snitzky, No. 2005-T-0102, 2005

WL 2933026 (Ohio Ct. App. Nov. 4, 2005).) Snitzky filed a motion for reconsideration, which was denied. (Doc. 6, RX 32-33.)

On Dec. 19, 2005, Snitzky filed a timely notice of appeal with the Ohio Supreme Court. He set forth a single proposition of law: "Excusable neglect is a valid ground to reverse a sua sponte dismissal for an untimely filing." (Doc. 6, RX 34.) The Ohio Supreme Court denied leave to appeal on March 29, 2006, and dismissed the appeal as not involving any substantial constitutional question. (Doc. 6, RX 37; State v. Snitzky, 108 Ohio St.3d 1512, 844 N.E.2d 856 (2006).)

Snitzky filed this federal petition for a writ of habeas corpus on Jan. 29, 2007. (Doc. 1.)

## II. HABEAS CORPUS REVIEW

This case is governed by the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), 28 U.S.C. § 2254, which provides the standard of review that federal courts must apply when considering applications for a writ of habeas corpus. Under the AEDPA, federal courts have limited power to issue a writ of habeas corpus with respect to any claim which was adjudicated on the merits by a state court. The Supreme Court, in Williams v. Taylor, provided the following guidance:

> Under § 2254(d)(1), the writ may issue only if one of the following two conditions is satisfied -- the state-court adjudication resulted in a decision that (1) "was contrary to ... clearly established Federal law, as determined by the Supreme Court of the United States," or (2) "involved an unreasonable application of ... clearly established Federal law, as determined by the Supreme Court of the United States." Under the "contrary to" clause, a federal habeas court may grant the

> writ if the state court arrives at a conclusion opposite to that reached by this Court on a question of law or if the state court decides a case differently than this Court has on a set of materially indistinguishable facts. Under the "unreasonable application" clause, a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from this Court's decisions but unreasonably applies that principle to the facts of the prisoner's case.

Williams v. Taylor, 529 U.S. 362, 412-13 (2002). See also Lorraine v. Coyle, 291 F.3d 416, 421-422 (6th Cir. 2002), cert. denied, 538 U.S. 947 (2003).

A state court decision is "contrary to" clearly established Supreme Court precedent "if the state court applies a rule that contradicts the governing law set forth in [Supreme Court] cases." Williams, 529 U.S. at 405. See also Price v. Vincent, 538 U.S. 634, 640 (2003).

A state court decision is not unreasonable simply because the federal court considers the state decision to be erroneous or incorrect. Rather, the federal court must determine that the state court decision is an objectively unreasonable application of federal law. Williams, 529 U.S. at 410-12; Lorraine, 291 F.3d at 422.

Snitzky has filed his petition pro se. The pleadings of a petition drafted by a pro se litigant are held to less stringent standards than formal pleadings drafted by lawyers, and will be liberally construed. Urbina v. Thoms, 270 F.3d 292, 295 (6th Cir. 2001) (citing Cruz v. Beto, 405 U.S. 319 (1972); Haines v. Kerner, 404 U.S. 519 (1972) (per curiam)). Other than that, no special treatment is afforded litigants who decide to proceed pro se. McNeil v. United States, 508 U.S. 106, 113 (1993) (strict adherence to procedural requirements); Jourdan v. Jabe, 951 F.2d 108 (6th Cir. 1991); Brock v. Hendershott, 840 F.2d 339, 343 (6th Cir. 1988).

7

Several of the arguments put forward by Snitzky allege violations of Ohio law. The question before this federal habeas court is whether the state court decision was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States. Federal habeas relief is not available for a claimed violation of state law, thus any alleged violation of Ohio law is not properly before this court. See Lewis v. Jeffers, 497 U.S. 764, 780 (1990).

### III. STATUTE OF LIMITATIONS

The respondent argues that the petition is barred because it was filed after the statute of limitations had expired. (Doc. 6, at 4, 10.)

The AEDPA requires a state prisoner seeking a federal writ of habeas corpus to file his petition within one year after his state conviction has become "final." Carey v. Saffold, 536 U.S. 214, 216 (2002) (citing 28 U.S.C. § 2244(d)(1)(A)). The conviction becomes final "by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A).

The one-year statute of limitations does not begin to run until all direct criminal appeals in the state system are concluded, followed by either completion or denial of certiorari before the United States Supreme Court, or the expiration of the time allowed (90 days) for filing for certiorari. Clay v. United States, 537 U.S. 522, 528 n.3 (2003); Anderson v. Litscher, 281 F.3d 672, 675 (7th Cir. 2002); Williams v.

Artuz, 237 F.3d 147, 151 (2d Cir. 2001), cert. denied, 534 U.S. 924 (2001) (citing cases).

On Sept. 22, 1995, Snitzky entered a guilty plea to murder, in violation of Ohio Rev. Code § 2903.02. (Doc. 6, RX 4.) Under Ohio law, Snitzky had 30 days within which to file his direct appeal after the date of sentencing. Ohio R.App. P. 4(A). Since he did not file a timely direct appeal, his conviction became final 30 days after the journal entry of sentencing on Sept. 29, 1995. (Doc. 6, RX 4.) Thus, the statute began to run on Oct. 29, 1995. See, e.g., Goodballet v. Mack, 266 F.Supp. 2d 702, 705 (N.D. Ohio 2003).

The one-year limitations period is tolled for the time during which an application for state post-conviction or other collateral review is "pending" in the state courts. Carey, 536 U.S. at 216-217 (citing 28 U.S.C. § 2244(d)(2)). In order to toll the one-year period, there must be "a properly filed application for State post-conviction or other collateral review" which is pending. 28 U.S.C. § 2244(d)(2). Snitzky did not file the motion to withdraw his guilty plea until May 8, 1998, long after the one-year habeas statute of limitations had already run. (Doc. 6, RX 5.) Although filing a post-conviction motion may toll the running of a pending, unexpired one-year limitations period, it will not "revive" the statute, or cause it to begin running anew. DiCenzi v. Rose, 452 F.3d 465, 468 (6th Cir. 2006); Searcy v. Carter, 246 F.3d 515, 519 (6th Cir.), cert. denied, 534 U.S. 905 (2001); Leon v. Bradshaw, No. 1:05CV875, 2006 WL 1624430, at *3-*4 (N.D. Ohio June 6, 2006).

Snitzky claims that his state habeas corpus petition "should be cause for equitable tolling." (Doc. 8, at 3.) A state habeas corpus petition will not toll the federal statute of limitations where the state petition was filed after the federal statute has run. Snitzky did not file his state habeas petition until July 2002. In addition, Snitzky has failed to allege any valid grounds for equitable tolling. See generally Allen v. Yukins, 366 F.3d 396, 401 (6th Cir.), cert. denied, 543 U.S. 865 (2004) (petitioner has burden of persuading court he is entitled to equitable tolling); Graham-Humphreys v. Memphis Brooks Museum of Art, Inc. 209 F.3d 552, 560 - 561 (6th Cir. 2000) ("equitable tolling applies only when a litigant's failure to meet a legally-mandated deadline unavoidably arose from circumstances beyond that litigant's control").

Snitzky did not file his federal habeas petition until Jan. 29, 2007. Thus, because the statute of limitations had expired in October 1996, Snitzky did not file his habeas petition within the one year limitation period. Snitzky's petition for a writ of habeas corpus should be denied as untimely.

Even if Snitzky's petition were to be considered on the merits, it would be denied.

## IV. ALLEGED DUE PROCESS VIOLATION

The first ground of the petition is:

Has a juvenile received due process of law and equal protection when a required physical examination was not performed during the juvenile's bindover proceeding.

10

(Doc. 1, § 12.)

Under Ohio law, juvenile courts have exclusive initial jurisdiction over any case involving a person under eighteen years of age who is alleged to have committed an act which would constitute a felony if committed by an adult. Before a juvenile may be tried as an adult, the juvenile court must comply with the provisions of Ohio Rev. Code § 2151.26, and the procedures established by Ohio Juvenile Rule 30. State v. Golphin, 81 Ohio St.3d 543, 544-545, 692 N.E.2d 608, 610 (1998). The Golphin court specifically noted that in 1994 and 1995, the relevant time frame for that case as well as this, "the statute expressly required[1] that the background investigation include both a mental and physical examination." Golphin, 81 Ohio St.3d at 546, 692 N.E.2d at 611.

Snitzky claims that the required physical examination was not performed prior to his 1995 bind-over to the court of common pleas. The respondent points out that the court of common pleas, in denying his state habeas petition, found that "Snitzky's allegation that he did not receive the required physical evaluation [was] unfounded," based on the juvenile court record and exhibits. (Doc. 6, at 27-29, and RX 28, at 4.)

The factual findings made by the state courts are presumed correct, and the presumption of correctness may be rebutted by the petitioner only with clear and

---

[1] The Golphin court noted that the statute had subsequently been amended in 1996 to eliminate the requirement of a physical examination. Golphin, 81 Ohio St.3d at 546, 692 N.E.2d at 612.

11

convincing evidence. 28 U.S.C. § 2254(e)(1). See, e.g., Lorraine, 291 F.3d at 422; Warren v. Smith, 161 F.3d 358, 360-361 (6th Cir. 1998), cert. denied, 527 U.S. 1040 (1999). Under the AEDPA, "a determination of a factual issue made by a State court shall be presumed to be correct," 28 U.S.C. § 2254(e)(1), and that presumption of correctness extends to factual findings of a state appellate court based on the state trial record. Bowling v. Parker, 344 F.3d 487, 497 (6th Cir. 2003), cert. denied, 543 U.S. 842 (2004) (citing Sumner v. Mata, 449 U.S. 539, 546-47 (1981)). See also Hernandez v. New York, 500 U.S. 352, 366 (1991). Thus, the state court's factual finding regarding the physical examination is entitled to deference. See generally doc. 6, RX 28, at 3-4. Snitzky presents argument in opposition but points to no "clear and convincing evidence" which would rebut the presumption. See generally doc. 8. Moreover, the case law demonstrates that whether or not a physical examination was performed is not essential to this habeas court's finding on the due process issue.

      The court in Deel v. Jago found that Ohio's juvenile transfer procedures do not violate the Due Process Clause of the Fourteenth Amendment. Deel v. Jago, 967 F.2d 1079, 1090-1091 (6th Cir. 1992). The court noted that, under Ohio law, the decision as to whether to waive juvenile jurisdiction in a particular case is committed to the sound discretion of the juvenile court. Id. at 1088-1089. In the Deel case, the court found that the juvenile court "focused – indeed, fixated" on the severity of the murder the defendant allegedly committed. Id. at 1090.

Nevertheless, the Sixth Circuit found that "neither Ohio's transfer rule nor the court's transfer decision run afoul of the Constitution." Id. The court stated:

> To treat a child as an adult based *solely* on the severity of a single crime may be unwise, but it is not unconstitutional when done in accordance with a valid transfer statute, like Rule 30. The Supreme Court in Kent contemplated that the seriousness of the offense would be material to a juvenile court's waiver decision.

Id. (citing Kent v. United States, 383 U.S. 541, 566-567 (1966)) (emphasis in original). The Sixth Circuit affirmed the district court's denial of the habeas petition. Id. at 1091.

In Spytma v. Howes, a habeas petitioner claimed that the waiver of jurisdiction by the state probate (juvenile) court violated his due process rights because the court failed to make sufficient factual findings as required by Michigan law. Spytma v. Howes, 313 F.3d 363, 367 (6th Cir. 2002). The court noted that the Supreme Court in Kent found that a hearing to determine whether a juvenile should be tried as an adult was subject to the essentials of due process. Spytma, 313 F.3d at 367 (citing Kent, 383 U.S. at 562). However, "the Court did not specify the exact nature of the constitutional requirements of due process at a juvenile transfer hearing." Id. at 368.

The Spytma court stated that:

> . . . our concern today is whether petitioner received due process as required by Kent, not whether the state court meticulously complied with [Michigan] Juvenile Rule 11.1. We find that minimum due process requirements were met. Petitioner was represented by counsel and a hearing was held on the record. Whether the Michigan court's waiver of jurisdiction and transfer to adult court contain sufficient

13

> indicia under state law is a question for the Michigan courts, which have held that it was valid.

Id. at 369. Thus, the court found no due process violation, and the denial of the petition was affirmed.

Here, Snitzky received two separate hearings, at which he was represented by counsel, the first concerning probable cause (March 8, 1995) and the second to determine if he was amenable to rehabilitation or whether the safety of the community required his confinement beyond the age of majority (April 11, 1995). See doc. 6, RX 2; Snitzky, 73 Ohio Misc.2d at 53, 657 N.E.2d at 1379; and doc. 7 (hearing transcripts). The court cannot find a due process violation.

The petition should not be granted on due process grounds related to the juvenile bindover. Snitzky has failed to demonstrate that the state court decisions were contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States.

## V.  IMPROPERLY DELAYED APPEAL OF STATE HABEAS DETERMINATION

The second ground of the petition is:

> Has an appellee received access to the courts and due process when a warden delays an inmate/appellee notice of appeal until it is late.

(Doc. 1, § 12.)  This claim relates to Snitzky's appeal of the denial of his state habeas petition, which appeal was denied as untimely filed. (Doc. 6, RX 31;

Snitzky, 2005 WL 2933026.) Snitzky contends that the warden improperly delayed mailing his filing, which caused it to be late.

The respondent argues that state habeas proceedings are considered collateral review, and that no federal habeas relief is available to redress alleged errors in state collateral proceedings. (Doc. 6, at 9.)

A state habeas corpus proceeding is considered collateral review. Pratts v. Hurley, 102 Ohio St.3d 81, 806 N.E.2d 992, 994 (2004) (syllabus); In re Ross, 154 Ohio App.3d 1, 8, 796 N.E.2d 6, 11 (Ohio Ct. App. 2003) (per curiam). No constitutional provision or federal law entitles Snitzky to any state collateral review. Murray v. Giarratano, 492 U.S. 1, 7-8 (1989) (states have no obligation to provide post-conviction relief); Pennsylvania v. Finley, 481 U.S. 551, 557 (1987); Stojetz v. Ishee, 389 F.Supp.2d 858, 889 (S.D. Ohio 2005) (same).

Alleged errors in state collateral post-conviction proceedings are outside the scope of federal habeas corpus review. Cress v. Palmer, 484 F.3d 844, 853 (6th Cir. 2007) (citing Roe v. Baker, 316 F.3d 557, 571 (6th Cir. 2002); and Kirby v. Dutton, 794 F.2d 245, 246-247 (6th Cir. 1986)); Montgomery v. Meloy, 90 F.3d 1200, 1206 (7th Cir.), cert. denied, 519 U.S. 907 (1996) (citing cases). Habeas relief cannot be granted for an alleged due process violation in a post-conviction proceeding because the claim relates to a state civil matter. Roe, 316 F.3d at 570-571 (citing Kirby, 794 F.2d at 247).

The petition should not be granted on due process grounds related to the appeal of his state habeas petition. Snitzky has failed to demonstrate that the state

court decisions were contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States.

## VI. SUMMARY

The petition for a writ of habeas corpus should be denied as untimely filed.

## RECOMMENDATION

It is recommended that the petition be denied.

Dated:  March 20, 2008             /s/ Kenneth S. McHargh
                                                               Kenneth S. McHargh
                                                               United States Magistrate Judge

ANY OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Courts within ten (10) days of receipt of this notice. Failure to file objections within the specified time WAIVES the right to appeal the District Court's order. See Thomas v. Arn, 474 U.S. 140 (1985); United States v. Walters, 638 F.2d 947 (6th Cir. 1981).